Filed 6/24/16  P. v. Morgan CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CARL D. MORGAN,<br><br>    Defendant and Appellant. | B266847<br><br>(Los Angeles County<br>Super. Ct. No. BA436797) |

APPEAL from an order of the Superior Court of Los Angeles County, Katherine Mader, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Defendant Carl D. Morgan appeals from the judgment of conviction for failure to update his registration as a sex offender. (Pen. Code, § 290.012, subd. (a).)[1] The judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was convicted of a sex crime in Florida which, were this crime committed in California, would be an offense requiring registration as a sex offender. Upon moving from Florida to Los Angeles, defendant registered as a sex offender with the Los Angeles Police Department (LAPD) on January 30, 2014. He updated his registration after obtaining a new cell phone number on July 1, 2014.

Defendant's birthday is January 24. Under section 290.012, subdivision (a), defendant must update his registration "annually, within five working days of his . . . birthday."[2] In early 2015, Alexander Tan of LAPD's Registration Enforcement Compliance Team researched the California Sex and Arson Registry (CSAR) database and found no updates to defendant's registration after July 1, 2014. Based on his research, Tan concluded that defendant had failed to update his registration.

Defendant was charged with violation of section 290.012, subdivision (a). The case proceeded to jury trial.

Tan testified at trial as to the factual grounds for the alleged violation. Tan authenticated defendant's initial registration form, dated January 30, 2014 (exhibit 2), and updated form, dated July 1, 2014 (exhibit 1).

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Section 290.012, subdivision (a) provides: "Beginning on his or her first birthday following registration or change of address, the person shall be required to register annually, within five working days of his or her birthday, to update his or her registration with the entities described in subdivision (b) of Section 290. At the annual update, the person shall provide current information as required on the Department of Justice annual update form, including the information described in paragraphs (1) to (5), inclusive of subdivision (a) of Section 290.015. The registering agency shall give the registrant a copy of the registration requirements from the Department of Justice form."

LAPD Officer Robert Lona testified that when defendant updated his registration on July 1, 2014, defendant received a copy of exhibit 1. Exhibit 1 contained a warning, initialed by defendant, that he must update his registration each year "in person within five working days before or after" his birthday at the local law enforcement agency for his current residence or location (if transient). Lona testified that sex offenders may register with LAPD on Tuesdays, Wednesdays, and Thursdays from 6:30 a.m. to 11:00 a.m..

The defense theory was based on lack of criminal intent and involved two main points. First, defendant believed that he was allowed to update his registration at any time during the month of his birthday. Second, in addition to this belief, he also believed that he had updated his registration while speaking to a booking officer at the Santa Monica jail where he was held on January 13 and 14, 2015. According to his trial testimony, defendant told the booking officer that he was a registered sex offender and had twice registered the address of the Los Angeles Mission as his home address. The booking officer told him the Los Angeles Mission was not a valid home address, entered the address of the jail (333 Olympic Drive, Santa Monica) in the computer, and had him sign a one-page form that contained 22 lines of warnings. Defendant testified that he believed the booking officer had updated his registration. On cross-examination, defendant was questioned about LAPD's multi-page registration forms (exhibits 1 and 2)—which required his signature and thumb print on each page and his initials on 23 separate lines of warnings—and Santa Monica Police Department's single-page form.

Outside the presence of the jury, defendant moved for dismissal, arguing the prosecution had failed to show that he intentionally violated the registration statute. The motion was denied.

In rebuttal, Detective Matthew Rice, custodian of sex offender records for the Santa Monica Police Department, testified that his department usually does not assist persons in custody to register as sex offenders because the Santa Monica jail is a temporary holding facility. Rice explained that if defendant had asked to register while in the Santa Monica jail, defendant's name would have appeared in the sex offender

3

registration log.  Based on his review of that log and the CSAR database, Rice testified that defendant did not update his registration on January 13 or 14, 2015.  Rice explained that both police departments use the same multi-page registration forms, but the LAPD forms contained an additional page with defendant's photograph.

After both sides rested, defendant requested that the court take judicial notice of a Florida statute allowing updated registrations to be made at any time during the month of the person's birthday.[3]  The trial court expressed concerns about lack of evidence of defendant's reliance on the Florida statute, and untimeliness:  "If you had asked me during his testimony to take judicial notice of it, I would feel differently because that would give both sides the opportunity to question the defendant while he's on the stand as to what he really believed he was required to do as a result of the Florida conviction in Florida.  [¶] We don't have anything.  And so it's kind of taking unfair advantage to have me take judicial notice now because there is an inference, oh, well, if he could register at any time during the month of January, then that's obviously what he was thinking about here in California.  And no one gets to question him about it.  So I—I just don't think it's an appropriate time to do that."

The trial court offered to take judicial notice of the Florida statute if defendant would retake the stand and testify about his reliance on its provisions, subject to cross-examination regarding his knowledge of Florida law and his two prior felony convictions for failure to register in Florida.  The prosecutor argued that cross-examination on the prior convictions for failure to register was appropriate because defendant's credibility was at issue:  "So he's now claiming that he knows Florida's laws so well, but he's confused about California's law when he was convicted twice in Florida for not knowing the law."  The prosecutor also made an offer of proof as to the Florida convictions:  "Just so that we're clear, I actually have his 969(b) packet.  We've alleged both of those failure

---

[3] Subdivision (13)(a) of Florida Statutes section 944.607 provides:  "A sexual offender must report in person each year during the month of the sexual offender's birthday and during the sixth month following the sexual offender's birth month to the sheriff's office in the county in which he or she resides or is otherwise located to reregister."

to register priors on the complaint. I have the conviction record from those cases. I just haven't presented it because we've bifurcated the priors trial. [¶] If the issue is what specifically he was convicted of, we can make copies and go over them together and determine that he failed to comply with Florida's sexual registration law."

Defense counsel declined to have defendant retake the stand, but renewed the request for judicial notice. The court denied the request on the ground that, absent evidence of defendant's reliance on the Florida statute, it was irrelevant.

In closing argument, the prosecutor argued that defendant violated the statute and, contrary to his testimony, did not update his registration at the Santa Monica station. He argued that defendant knew there was more to the registration process than simply saying, "I'm a sex registrant and I live at the Mission," and knew he had to give thumb prints and signatures on each page, with initials for 20 requirements. The prosecutor explained that if defendant had updated his registration at the Santa Monica station, the sex registration log and CSAR database would have corroborated his story.

Defense counsel argued that defendant was not required to prove his lack of knowledge of the registration requirements. Counsel claimed that defendant was innocent if he "believed that he was allowed to register as a sex offender on any day during the month of January—and he told you that was his belief based on what he was told . . . . As long as he believed it, . . . whether it's reasonable or not, as long as [defendant] believed that, . . . that's a defense. That's a complete defense."

The court gave several instructions on the requisite mental state: "The defendant is charged in count one with failing to register as a sex offender. To prove the defendant is guilty of this crime, the People must prove[:]

"[1.] That sex offense was committed for which he is required to register;

"[2.] That the defendant . . . resided in Los Angeles;

"[3.] That the defendant actually knew he had a duty under Penal Code section 290 to register as a sex offender and that he had to register within five working days of January 24th; and

5

"[4.]    That the defendant willfully failed to annually update his registration as a sex offender with the police chief of that city within five working days of his birthday.

"Someone commits an act willfully when he does it willingly or on purpose.

"The defendant is not guilty of count one if he did not have the mental state required to commit [the] crime because he did not know a fact or mistakenly believed a fact.

"If the defendant's conduct would have been lawful under the facts as he believed them to be, he did not commit count one.

"If you find that defendant believed that [(1)] he was allowed to register as a sex offender on any day during the month of January, or, [(2)] he was allowed to register as a sex offender on any day during the month of January and he reasonably believed that he registered as a sex offender when he was in the Santa Monica jail between January 13th and 14th, 2015, he did not have the mental state required for count one.

"If you have a reasonable doubt whether the defendant had the mental state required for count one, you must find him not guilty of that crime."

During deliberations, the jury sent a note requesting the definition of "mental state." After discussing the request with counsel, the court responded that "[t]he mental state for element 3 in Instruction 1170 is, 'Actually knew.' Two, the mental state for element 4 in Instruction 1170 is 'willfully' which is defined in the instruction as willingly or on purpose."

The jury also requested a reading of defendant's testimony regarding his incarceration in the Santa Monica jail, which was given. Later that day, the jury returned a guilty verdict.

At sentencing, the trial court considered defendant's record of criminal convictions and violation of a domestic relations restraining order. It held that the high term was appropriate because defendant was "intentionally making it difficult to find him," was not a credible witness, had two prior convictions for failure to register, had two prior sex crimes, and had violated a restraining order. The court imposed a three-year sentence. This timely appeal followed.

6

Defendant challenges the denial of his request to take judicial notice of the Florida statute, which was relevant to his mistake of fact defense. We find no error.

In order to violate a statute by failing to register, one must do so *willfully*, which requires *actual knowledge* of the duty to register. (*People v. Garcia* (2001) 25 Cal.4th 744, 752 (*Garcia*).) The jury was instructed on both willfulness and actual knowledge, which are separate but related elements of the offense. "Although notice alone does not satisfy the willfulness requirement, a jury may infer from proof of notice that the defendant did have actual knowledge [of the duty to register], which *would* satisfy the [wilfullness] requirement." (*Ibid.*)

Because mistake of fact is an affirmative defense, defendant bears the burden of proving that he honestly and reasonably believed he was permitted to update his registration at any time during the month of January and thus had no criminal intent. (See *In re Jennings* (2004) 34 Cal.4th 254, 279–380 [prosecution has burden to prove knowledge and intent, but it is permissible in some cases to shift burden to defendant to prove lack of criminal intent].) The state of mind instructions required the jury to determine whether defendant actually believed he was allowed to update his registration on any day during the month of January, and, if so, whether his belief that he had updated his registration while in the Santa Monica jail was reasonable. By returning a guilty verdict, the jury necessarily rejected defendant's testimony on his state of mind.

The Florida statute was only relevant to the mistake of fact defense if there was evidence that defendant knew of or relied on its provisions. Because there was no evidence of his reliance on the Florida statute, the court was justifiably concerned that taking judicial notice of the statute would create a substantial danger of undue prejudice—that the jury would infer, without factual support, that defendant had relied on the Florida statute. In light of the trial court's finding that the Florida statute was not relevant, which is the only reasonable determination to be drawn from the record, the trial court did not abuse its discretion by excluding it at trial. Defendant's reliance on Evidence Code section 453 is misplaced. (Evid. Code, § 350 [only relevant evidence

7

admissible]); *Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 ["[a]lthough a court may judicially notice a variety of matters (Evid. Code, § 450 et seq.), only *relevant* material may be noticed [italics added"], partially overruled on other grounds in *In re Tobacco Cases II* (2007) 41 Cal.4th 1257, 1276.)

Defendant contends the court erred in deeming him subject to cross-examination on his prior Florida convictions for failure to maintain his sex offender registration. We disagree. Taking judicial notice of the Florida statute without allowing the prosecution to question defendant about his knowledge and reliance on its provisions would be unfair. We conclude that because reliance is "a fact peculiarly within the defendant's knowledge[, there] is no unfairness or hardship in requiring the defendant to assume the burden of presenting evidence of the facts on which he or she relies." (*People v. Salas* (2006) 37 Cal.4th 967, 982.)

The assertion that the People lacked evidence of the grounds for defendant's prior convictions is not supported by the record. In addition to making a valid offer of proof, the prosecutor explained he was waiting to produce evidence of the prior convictions at the bifurcated hearing.

Under the applicable standard of review, which is the deferential abuse of discretion standard, a trial court's evidentiary ruling is reversed only if it was "'"'arbitrary, whimsical, or capricious as a matter of law . . . .'"' [Citation.]" (*People v. Robertson* (2012) 208 Cal.App.4th 965, 991.) Applying that standard here, we find no abuse of discretion.

In any event, we conclude the alleged error was not prejudicial. Evidence of defendant's actual knowledge of the registration requirements was strong. It was undisputed that he initialed the provision on the registration form requiring annual updates to be made within five working days of his birthday. The exhibits and testimony allowed the jury to infer that his failure to update his registration within five days of his birthday was both knowing and willful. (See *Garcia*, *supra*, 25 Cal.4th at p. 752.) In light of the substantial evidence of guilt, it is not reasonably probable defendant would

have obtained a more favorable result if judicial notice had been taken of the Florida statute.  (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

MANELLA, J.

COLLINS, J.